1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7                **DISTRICT OF ARIZONA**
8
9
**FRANK and BETTINA GAMBRELL,**      )
10                                     )
                      **Plaintiffs,**  )      **4:12-cv-00661 JWS**
11                                     )
12            **vs.**                  )      **ORDER AND OPINION**
                                       )
13   **IDS PROPERTY CASUALTY**         )      **[Re: Motion at docket 18]**
     **INSURANCE CO.,** *et al.,*      )
14                                     )
15                    **Defendants.**  )
     ——————————————————————————————    )
16
                    **I.  MOTION PRESENTED**
17
18          At docket 18, plaintiffs Frank and Bettina Gambrell ("Gambrells") seek an award

19   of attorneys' fees "pursuant to A.R.S. 12-341.01 and /or 28 U.S.C. 1447(c)."  Defendant

20   IDS Property Casualty Insurance Co. ("IDS") responds at docket 20.  Gambrells' reply is

21   at docket 21.  Oral argument was not requested, and oral argument would not be of
22
23   assistance to the court.

24                    **II.  DISCUSSION**

25          The parties are familiar with the factual and procedural background.  Readers

26   who are unfamiliar with the relevant background should read the order at docket 14,

27   which remanded the case to state court.

28

1
2
3
4
5
6
7
8

In support of their motion, Gambrells rely primarily on A.R.S. 12-341.01 which authorizes a court to award reasonable attorneys' fees to a prevailing party in a contract dispute governed by Arizona law.  This court has already explained in an order at docket 30, Case No. 2:12-cv-1227, why it declines to exercise its discretion to award fees to the Gambrells pursuant to that statute.  The reasoning in that order is incorporated here.  Based thereon, to the extent it relies on A.R.S. 12-341.01, the Gambrells' request for fees at docket 18 will be denied.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

The court now turns to Gambrells' assertion that fees may be awarded pursuant to 28 U.S.C. § 1447(c).  That statute provides that a district court *may* award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Like A.R.S. 12-341.01, the federal statute authorizes, but does not require, an award of fees.  In their opening memorandum at docket 19, Gambrells did not cite any authority for the proposition that an award would be proper under section 1447(c); rather, they merely asserted it would.  In response, IDS asserts that an award may not be made because they had an objectively reasonable basis for initiating the removal citing *Gardner v. UICI*.[1]  It is IDS' position that because they could legitimately contend that in *Walter v. Simmons*[2] an Arizona Appellate court had indicated that an employee adjuster owed no duty to an insured, the decision to remove was objectively reasonable.  In their reply, Gambrells not only argue the removal was unreasonable, but advance a different legal standard.  Gambrells contend that the removal was "wrong as a matter of law" with

25
26
27
28

[1]508 F.3d 559, 561 (9th Cir. 2007).

[2]818 P.2d 214 (Ariz. Ct. App. 1991).

2

1
2

respect to the fraudulent joinder issue.  Gambrells rely on *Balcorta v. Twentieth Century-Fox Film Corp*[3].

3
4
5
6
7
8

Under the "wrong as a matter of law" standard, Gambrells' argument is not persuasive, because as this court explained in an earlier order, it is not settled as a matter of Arizona law that an employee adjuster owes a duty of good faith and fair dealing to an insured.  It follows that  IDS could not have been wrong as a matter of law to base the removal on the proposition that there is no such duty.

9
10
11
12
13
14
15

The matter thus turns on whether there was an objectively reasonable basis to assert that Harrish was fraudulently joined because she owed no duty to the Gambrells. Gambrells contend that it could not have been objectively reasonable to remove on that basis, because IDS was aware that earlier district court decisions had remanded cases because Arizona law is not clear on this point.  This argument has some merit, but does not carry the day, as explained below.

16
17
18
19
20
21
22
23
24

In earlier motion practice IDS argued that the decision by the Arizona Court of Appeals in the *Walter* case had established that an employee adjuster owed no good faith duty to the insured.  In reviewing the motion papers and the relevant case law, this court concluded that whether *Walter* was properly cited as establishing that proposition was a close question, but ultimately determined that what the *Walter* court had said was *dicta,* which did not establish Arizona law.  In answering what is again a close question, this court now holds that it was objectively reasonable for IDS to rely on *Walter*, even

25
26
27
28

[3]208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

3

though in this court's final analysis that reliance was incorrect.  It follows that there is no basis for an award of fees under section 1447(c).

### III.  CONCLUSION

For the reasons above, this court declines to exercise its discretion to award fees to Gambrells.  The motion at docket 18 is **DENIED**.

DATED this 10th day of May 2013.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

4